UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISABETH SOBEH KITAM,<br>Plaintiff,<br>v.<br>CHRISTIAN TITTI MOUSSI,<br>Defendant. | Case No. 21-cv-09235-JD<br><br>**ORDER RE EX PARTE APPLICATION FOR TRO**<br><br>Re: Dkt. No. 7 |

Plaintiff Elisabeth Sobeh Kitam, a French citizen residing in Canada, filed a verified complaint alleging that her estranged husband, defendant Christian Titti Moussi, has retained custody of their child, N.M.E., in Alameda, California, in contravention of a French custody order. *See* Dkt. No. 1. Kitam contends that Titti Moussi has abducted N.M.E., and asks for an order requiring N.M.E. to be returned to Canada under the Hague Convention on the Civil Aspects of International Child Abduction, which is implemented in the United States by the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001 *et seq*.

To that end, Kitam filed an ex parte application for a TRO asking, among other requests, that the Court prohibit the removal of N.M.E. from California pending further proceedings, issue a warrant for the immediate physical custody of N.M.E., and deliver her to Kitam. Dkt. No. 7. Kitam did not serve Titti Moussi with the complaint or TRO application, or otherwise advise him of the pendency of this case, because she believes that he might flee with N.M.E. to the Republic of Cameroon, where he is said to have family.

A limited TRO to preserve the status quo pendente lite is granted. Section 9003(c) of the ICARA requires that notice be given to a respondent. 22 U.S.C. § 9003(c) ("Notice of an action brought . . . shall be given in accordance with the applicable law governing notice in interstate

child custody proceedings."). In addition, the "circumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). This is because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). For this reason, Rule 65(b)(1)(A) restricts the issuance of an ex parte TRO to circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Kitam has not adduced evidence that might provide a good reason for ordering the relief she seeks without notice to Titti Moussi. Her main contention for acting ex parte is the suspicion that Titti Moussi might try to leave the United States in short order because has "multiple citizenships and family in the country of Cameroon." Dkt. No. 7 at 3. She also says that Titti Moussi attempted to abduct N.M.E. in 2017 when Kitam and the child were living in France. Dkt. No. 1 ¶ 29. The problem with both points is that they are speculative and conclusory, and not supported by evidence sufficient to plausibly infer a risk of flight by Titti Moussi. Nothing in the record presently before the Court indicates that Titti Moussi is poised to leave Alameda, California, where he appears to have lived for some time. If anything, the exhibits attached to the complaint indicate that Titti Moussi intends to stay in the United States. *See, e.g.*, Dkt. No. 1, Ex. S (Titti Moussi email to Kitam declaring his "inten[t] to keep N with [him] here in the United States and enroll her in school as soon as possible" and stating that he has "initiated a legal process with the California Court to request a right of Custody and Accommodation for N, so that she stays with it [sic] in California."). The 2017 abduction allegation is not supported by any judicial or law enforcement records, in stark contrast to the abundance of court documents and similar materials that Kitam attached for other allegations in the complaint and the TRO application.

In these circumstances, the Court declines to proceed on an ex parte basis. Even so, a focused order to preserve the status quo pendente lite is warranted. The Court will take up this

action in an expedited manner, and sets a status conference for January 6, 2022, at 10:00 a.m. in Courtroom 11 in the San Francisco courthouse.  **Pending further order, neither Kitam nor Titti Moussi, nor anyone acting in concert with them or at their behest, and with knowledge of this order, may remove N.M.E. from the geographic boundaries of the Northern District of California without the Court's prior permission.**  The TRO application is denied in all other respects.

Kitam is directed to serve on Titti Moussi by December 23, 2021, this order and all of the documents filed on the ECF docket in this case.  Kitam must file a proof of service showing compliance with this order before the status conference.  The parties are directed to file a joint status conference statement by December 28, 2021.

**IT IS SO ORDERED.**

Dated:  December 21, 2021

JAMES DONATO
United States District Judge